**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DARRELL WATSON,

      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
CH-0752-14-0163-I-1

DATE: May 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Duwel, Esquire, Dayton, Ohio, for the appellant.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 30-day suspension and demotion to a nonsupervisory position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant held the supervisory position of Program Specialist for the agency's medical center in Dayton, Ohio.  Initial Appeal File (IAF), Tab 3, Subtab 4a (Standard Form 50), Subtab 4pp (position description).  In May 2013, the agency received a sexual harassment complaint from a "patient/volunteer," Ms. M.  IAF, Tab 3, Subtab 4*l*.  The agency convened an Administrative Investigation Board (AIB).  IAF, Tab 3, Subtab 4h.  Although the AIB found unsubstantiated Ms. M's harassment allegations, it concluded that the appellant did engage in a consensual sexual relationship with her and that, though unrelated to his relationship with Ms. M, he sent inappropriate emails from his government computer. *Id*. at 80-82 (AIB final conclusions).

¶3     In September 2013, the agency proposed the appellant's removal.  IAF, Tab 3, Subtab 4e.  The agency charged him with:  (A) establishing an inappropriate relationship with a veteran patient; (B) failure to maintain professional boundaries with a veteran patient; and (C) inappropriate use of a

government computer. *Id*. at 2-19. The appellant responded to the charges, admitting the inappropriate relationship and inappropriate use of his computer, but requesting discipline short of removal. IAF, Tab 3, Subtab 4d. Nevertheless, the agency issued its decision, removing the appellant from service. IAF, Tab 3, Subtab 4b.

¶4    The appellant filed a Board appeal, alleging that removal was an unreasonably severe penalty. IAF, Tab 1 at 6; *see* IAF, Tab 17 at 2 (prehearing conference summary identifying the disputed issues). The administrative judge found that the agency met its burden of proving the charges[2] and nexus. IAF, Tab 18, Initial Decision (ID) at 3-6. However, he mitigated the appellant's removal to a 30-day suspension and demotion to a nonsupervisory position. ID at 6-9. The agency has filed a petition for review, arguing that the administrative judge erred by mitigating the penalty. Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 3.

¶5    Where the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010).

---

[2] The administrative judge merged charges A and B because he found that they were duplicative. IAF, Tab 17 at 2; *see generally Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶¶ 10, 11 n.3 (2014) (the Board will merge charges if they are based on the same conduct and proof of one automatically constitutes proof of the other; the fact that a charge has been merged into another does not mean that the appellant's conduct somehow becomes less serious).

¶6          Here, the administrative judge determined, and we agree, that the agency's decision to remove the appellant exceeded the tolerable limits of reasonableness under the circumstances.  ID at 8.  Significantly, the administrative judge found, contrary to the assertions made by the deciding official, that the appellant's misconduct was not particularly egregious in relation to his duties.  ID at 6-8; IAF, Tab 3, Subtab 4c at 1-2.  For instance, although the deciding official testified that the appellant's misconduct concerning charge A/B constituted patient abuse because Ms. M was a patient of the hospital at the time, the administrative judge correctly noted, based upon the results of the AIB investigation, that his relationship with Ms. M appeared to have been "more related to her volunteer status than her status as a female Veteran patient."  ID at 7 (quoting IAF, Tab 3, Subtab 4h at 81).  Moreover, the AIB did not find that the appellant abused his relationship with Ms. M or used his position to manipulate her, and it found that the relationship was consensual and entered into voluntarily by both parties, without a quid pro quo arrangement of employment for Ms. M or sexual favors for the appellant.  *Id.*  Similarly, concerning charge C, the administrative judge noted that the appellant merely forwarded inappropriate emails; he did not create them.  ID at 6.  He also found no evidence that the appellant's forwarding of the emails disrupted the workplace or substantially interfered with the performance of his duties or the agency's ability to accomplish its mission, noting that he forwarded, on average, only one inappropriate email per month from March 2009 through January 2011.  *Id.*

¶7          Because he determined that the removal penalty was too severe, the administrative judge independently weighed the relevant mitigating factors, finding that a 30-day suspension and demotion to a nonsupervisory position was the maximum reasonable penalty under the circumstance.  ID at 8-9.  Specifically, the administrative judge found that the appellant had been employed by the

agency for 18 years,[3] had a clean work record, and had received outstanding performance evaluations over the previous 4 years. ID at 8. He also found that the appellant had a high potential for rehabilitation based in part on his demeanor at the hearing. *Id.*

¶8    On review, the agency disputes the administrative judge's finding that the appellant had a high potential for rehabilitation. PFR File, Tab 1 at 7-9. In the initial decision, the administrative judge found, given the turmoil in the appellant's 33-year marriage that resulted from his relationship with Ms. M, that he was highly unlikely to repeat such misconduct in the future. ID at 8. He also found a high rehabilitation potential because the appellant fully admitted his misconduct and his demeanor at the hearing evinced genuine remorse for his actions. ID at 8. The agency argues that the appellant's admission of the inappropriate relationship with Ms. M does not demonstrate a potential for rehabilitation, considering he had little alternative under the circumstances. PFR File, Tab 1 at 8. It also argues that the administrative judge impermissibly "expanded the scope of 'potential for rehabilitation'" by considering the turmoil in the appellant's marriage. *Id.* at 9. We disagree. Given that the administrative judge, as the trier of fact, based his findings in part upon the appellant's demeanor at the hearing and because we find that it was within the administrative judge's discretion to consider all testimony he deemed relevant, we find the agency's arguments are insufficient to overturn the administrative judge's

---

[3] The administrative judge considered the appellant's 18-year tenure with the agency as a mitigating factor while it appears that the deciding official considered it as an aggravating factor, stating that his "length of service with the agency and extended period of time serving in a supervisory capacity speak to the level of knowledge and judgment he should have been exercising regarding his inappropriate actions." ID at 8; IAF, Tab 3, Subtab 4c at 2-3. The Board has specifically rejected the deciding official's approach, noting that such a scheme yields the illogical result that the longer an individual works for an agency, the more likely that a single misstep would be fatal to his career. *Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997). We find the administrative judge's consideration of this factor as appropriate and consistent with the law.

findings that the appellant evinced genuine remorse and had a high potential for rehabilitation. ID at 8; *see Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (the Board may overturn credibility determinations based on the observation of the demeanor of witnesses testifying at a hearing only when it has "sufficiently sound" reasons for doing so). Accordingly, we conclude that the agency has set forth no basis to disturb the administrative judge's findings in this regard.

¶9 The agency also argues on review that the administrative judge erred in relying on *Reynolds v. Veterans Affairs*, [75 M.S.P.R. 509]() (1997), in determining the maximum reasonable penalty. PFR File, Tab 1 at 9-10. We disagree. In *Reynolds*, the Board mitigated a removal to a 30-day suspension where the appellant developed a romantic relationship with a veteran patient she eventually married. 75 M.S.P.R. at 517. The Board considered, among other things, that the appellant had almost 18 years of satisfactory service with had no prior offenses, like the appellant here. *Id.* The appellant in *Reynolds* was a nonsupervisory employee, as the agency noted. However, the administrative judge's actions in this case were actually consistent with *Reynolds* given that he demoted the appellant from a supervisory to a nonsupervisory position in addition to imposing a 30-day suspension. ID at 9. We therefore find no error in this regard and affirm the administrative judge's finding that a 30-day suspension and demotion to a nonsupervisory position is the maximum reasonable penalty under the circumstances.

## ORDER

¶10 We ORDER the agency to cancel the appellant's removal and substitute in its place a 30-day suspension and demotion to a nonsupervisory position effective November 15, 2013. This action must be accomplished no later than 20 calendar days after the date of this decision.

¶11     We ORDER the agency to place the appellant in a position in the next lower-graded nonsupervisory position, with the least reduction in pay, in which the appellant can be expected to perform in a fully satisfactory manner. This action should be made retroactive to the date of the removal, and must be accomplished no later than 20 calendar days after the date of this decision.

¶12     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. We ORDER the agency to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.



## DFAS CHECKLIST

## INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

  a. Outside earnings with copies of W2's or statement from employer.
  b. Statement that employee was ready, willing and able to work during the period.
  c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.